(No. 4243—

MICHAEL S. GAYDOS AND THE KANSAS CITY FIRE AND MARINE INSURANCE COMPANY, A MISSOURI CORPORATION, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 7, 1950.*

JAMES H. MANNS AND WALTER J. SIMHAUSER, Attorneys for Claimants.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

The claimants, Michael S. Gaydos and the Kansas City Fire and Marine Insurance Company, a Missouri Corporation, filed their complaint herein on November 15, 1949, seeking to recover damages sustained in an accident, which occurred on November 5, 1948, between a passenger car driven by Michael S. Gaydos, and a truck

of the Division of Highways of the Department of Public Works and Buildings of the State of Illinois. The claimants ask $934.72 for damages to the automobile; $500.00 for loss of business and profits, as a result of the loss of use of the automobile; $69.00 for damages to clothing, and $3.30 for six dozen eggs destroyed. The evidence discloses that Michael S. Gaydos was the owner of a 1948 Hudson Sedan, which he used in his business as a drug salesman, and that on November 5, 1948, at approximately 3:30 P.M. he was driving same in a northerly direction on U. S. Route No. 66 at a point approximately five miles south of the City of Springfield, Illinois, which point was also about a mile north of the bridge across Lake Springfield. The highway in this area is a two-lane paved highway, twenty-two feet wide. On the day in question the Division of Highways was making repairs, and the west lane of the highway was blocked. As the claimant proceeded in a northerly direction, he followed the said truck driven by William Sands for approximately two miles, and during this period of time there was a Ford car between the State truck and claimant's automobile. Claimant was about fifty (50) yards behind the truck, and about thirty (30) yards behind the Ford. As they neared the end of the barricaded area the claimant was driving about thirty to thirty-five miles per hour, and, after passing the last barricade, the Ford proceeded to pass the State truck, at which time the State truck was near the center lane of the pavement, and it was necessary for the Ford to pull the left wheels off on the left shoulder. The claimant, Michael S. Gaydos, also proceeded to pass the truck, and as he neared the truck he sounded his horn, but the truck driver, without giving any signal or warning, made a left turn toward a small roadway on the west side of the highway. Claimant came

to a stop with the rear of his car about five feet off on the west shoulder, and then his car was struck on the right side by the left front side of the truck. William Sands, driver of the State truck, testified that he was placing flares along the highway, and he had intended going north, and then turning around to proceed back south. He looked in his rear view mirror, and saw the Ford approaching, but did not see the claimant's automobile. The record shows contradictory testimony that William Sands had given a hand signal, and, also, that he admitted it was his fault.

The record consists of the complaint, transcript of evidence, abstract of evidence, claimant's waiver of brief, supplemental abstract of evidence, statement, brief and argument of respondent, and reply brief of claimant.

The respondent claims that by Section 23 (d) of the Uniform Traffic Act (Ill. Rev. Stat. 1947, Chapter 95½, Paragraph 120)

"(d) The provisions of this Act shall not apply to persons, teams, motor vehicles and other equipment while actually engaged in work upon the surface of the highway, but shall apply to such persons and vehicles when travelling to or from such work."

the respondent is exempt from any liability. The claimants on the other hand claim the respondent is liable in tort cases as provided by Section 8c of the Court of Claims Act.

"All claims against the State for damages in cases sounding in tort, in respect of which claims the claimants would be entitled to redress against the State of Illinois at law or in chancery, if the State were suable, etc."

In the case of *Mower, et al,* v. *Williams,* decided January 19, 1949, where the defendant operating a State owned truck with snow plow, entered an intersection without looking in the direction from which plaintiff's automobile was coming, relying on a helper's statement that it was safe to proceed, the Court held that a highway

"maintenance man" who was in charge of helper and equipment was engaged in a "governmental" rather than a "ministerial" function in moving snow and ice from highways, and was not liable for mere defects in judgment in carrying out his duties. The Court further said that in recognition of the necessity for freedom of action on the part of persons charged with the maintenance of highways, the Legislature has removed by Section 23 (d) of the Uniform Traffic Act, certain requirements which are by law required of the general public.

The Court feels, however, that in this case, the respondent does not come within Section 23 (d) of the Uniform Traffic Act, because the truck operated by William Sands was not *"actually engaged in work upon the surface of the highway"* at the time of the accident. The Court also feels that the driver of the State truck was negligent in failing to give a proper signal, and in failing to keep a proper lookout for cars, and that his negligence was the cause of the accident, and the claimant was free from contributory negligence. We are of the opinion that the respondent is liable for damages as provided by Section 8c of the Court of Claims Act.

The claimant's car was repaired by the Capital City Motors, Inc., in the amount of $934.72, and of this amount $50.00 was paid by claimant, Michael S. Gaydos, and $884.72 by the claimant, the Kansas City Fire and Marine Insurance Company, a Missouri Corporation. Claimant, Michael S. Gaydos, claims a loss of $69.00 for damages to a top coat and trousers, and the six dozen eggs, which was not proven by the evidence. We are also of the opinion that claimant, Michael S. Gaydos, has not proven by the evidence a loss of business and profits as a result of loss of use of his automobile, and that this part of the claim should be denied. This conclusion is based upon a

referral to claimant's Exhibit 3, in which there does not appear to be any substantial difference in his sales for the months of November and December, 1948, when compared with the same period during 1947, and other months during the year 1948.

An award is, therefore, entered in favor of claimant, Michael S. Gaydos, in the amount of $50.00, and an award is also entered in favor of claimant, Kansas City Fire and Marine Insurance Company, a Missouri Corporation, in the amount of $884.72.